UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD B. GONON Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 1:15-cv-00085-SEB-DKL |
| vs. | ) ) | |
| COMMUNITY MANAGEMENT SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

This cause is before the Court on the parties' cross motions for summary judgment. For the reasons set forth below, Defendant Community Management Services, Inc.'s motion for summary judgment [Docket No. 26], filed on June 30, 2015, is **GRANTED**. Plaintiff Richard Gonon's cross motion for summary judgment [Docket No. 52], filed on November 12, 2014, is **DENIED**. Also pending before the Court is Plaintiff's motion for class certification [Docket No. 4], which is **DENIED** as moot.[1]

---

[1]The parties agreed to stay a decision on class certification in order to have this matter set for early resolution of the summary judgment motions. Dkt. 18. "Although Rule 23(c)(1) of the Federal Rules of Civil Procedure currently requires that any issue of class certification be resolved 'as soon as practicable,' it is not improper for a defendant in a putative class action to seek dismissal or summary judgment—and for the court to grant such a motion—on the ground that plaintiffs' claims lack merit." *Haehl v. Washington Mut. Bank, F.A.,* 277 F. Supp. 2d 933, 934 (S.D. Ind. 2003); *see also Cowen v. Bank United of Texas, FSB,* 70 F.3d 937, 941 (7th Cir. 1995) (condoning the district court's initial decision on the merits of the case because "the ground on which the district court threw out the plaintiff's claims would apply equally to any other member of the class.")

**Factual Background**

Community Management Services, Inc. ("Community Mgmt.") has been the property manager for River Ridge Homeowners Association, Inc. ("HOA") since 2010. Dkt. 21-1 at ¶¶ 2. As property manager, its duties include, among other things, the collection of dues from the HOA's members. *Id.* at ¶ 3. Plaintiff Richard Gonon is a member of the River Ridge HOA. At the time Community Mgmt. was hired to be the HOA's property manager in 2010, Gonon was current on his association dues, but between 2010 and November 2014, he became delinquent by failing to make several of his $290.00 monthly payments to the HOA. *Id.* at ¶ 5; Pl.'s Reply at 1. Thus, on November 17, 2014, Gonon received a "Notice of Assessment Lien" stating that, pursuant to its governing documents, the HOA held a lien on Gonon's property in the amount of $7,043.50. Dkt. 27-2. The Notice was written on River Ridge HOA letter head, and had "River Ridge Homeowners Association, Inc." printed above signature line. *Id.* The President of Community Mgmt., Leslie Stoeffler, signed the Notice under Power of Attorney for David Compton, a board member on the HOA. Dkt. 27-2. The Notice stated: "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector." Dkt. 27-2.

On January 21, 2015, Gonon filed a putative class action against Community Mgmt., alleging that the company had violated the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, by failing to make the required disclosures under § 1692g. On June 30, 2015, Community Mgmt. filed a motion for summary judgment, and on July 23,

2015, Gonon responded with a cross motion for summary judgment. The motions are fully briefed and ripe for ruling.

## Legal Standard

Federal Rule of Civil Procedure 56 provides that summary judgment should be granted when the evidence shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).  The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.*, 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

Courts often confront cross motions for summary judgment because Rules 56(a) and (b) of the Federal Rules of Civil Procedure allow both plaintiffs and defendants to move for such relief.  In such situations, courts must consider each party's motion

3

individually to determine if that party has satisfied the summary judgment standard. *Kohl v. Ass'n. of Trial Lawyers of Am.*, 183 F.R.D. 475 (D. Md. 1998). Thus, in determining whether genuine and material factual disputes exist in this case, the Court has considered the parties' respective memoranda and the exhibits attached thereto, and has construed all facts and drawn all reasonable inferences therefrom in the light most favorable to the respective nonmovant. *Matsushita,* 475 U.S. at 574.

## Discussion

In his Complaint, Gonon has alleged that Community Mgmt. violated the Federal Debt Collection Practices Act by failing to provide the required disclosures as required in § 1692g regarding his debt to the River Ridge HOA. Dkt. 1. Community Mgmt. has moved for summary judgment arguing that it is not bound by the FDCPA's requirements because it is not a "debt collector" under the act. Dkt. 26. In response, Gonon has filed a cross motion for summary judgment, claiming that Community Mgmt. is in fact a "debt collector" and that it failed to adhere to the requirements of § 1692g. Dkt. 29. The issues before us thus are whether Community Mgmt. is a "debt collector" under the FDCPA and whether it is bound by § 1692g's requirements.

The FDCPA defines a debt collector as "any person who…regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA excludes from the definition of "debt collector" any person who tries to collect money owed to himself and any person who

tries to collect a debt that "was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F)(iii).

According to the Seventh Circuit, a property management firm "obtains" the debts owed to the association or lessor for whom it works when it becomes the association's or lessor's agent. *Carter v. AMC, LLC*, 645 F.3d 849, 844 (7th Cir. 2011). Thus, a management firm is not a "debt collector" unless the given debt was in arrears when the firm assumed its role with the association or lessor. *Id*.

Here, Community Mgmt. became the HOA's property manager in 2010. Dkt. 21-1 at ¶ 2. Gonon expressly acknowledges that he was current on his association fees at that time. Dkt. 33 at 1. Given that Gonon was not in arrears when Community Mgmt. "obtained" his debt, Community Mgmt. is not a "debt collector" under the FDCPA. See 18 U.S.C. § 1692a(6)(F)(iii).

Gonon has not refuted this conclusion; instead he argues that after he became delinquent on his association dues, Community Mgmt. "crosse[d] the line from servicing the account, to engaging in conduct that is debt collection." Dkt. 30 at 4. Gonon's statement is correct to the extent that Community Mgmt. was attempting to collect a debt from him. However, the express purpose of the FDCPA is to "eliminate abusive debt collection practices <u>by debt collectors</u>." 15 U.S.C. § 692(e) (emphasis added). The exclusions from the definition of the term "debt collector" contained in § 1692a(6) demonstrate Congress's intent to distinguish between "<u>[c]reditors</u>, 'who generally are restrained by the desire to protect their good will when collecting past due accounts,'"

5

Case 1:15-cv-00085-SEB-DKL   Document 34   Filed 09/28/15   Page 6 of 7 PageID #: 148


and "debt collectors, who may have 'no future contact with the consumer and often are unconcerned with the consumer's opinion of them.'" *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (quoting S. Rep. 95-382 at 2 (1977)) (emphasis added). The Seventh Circuit has made clear that those excluded from the definition of "debt collector" fall outside the FDCPA. *See Carter*, 645 F.3d at 842. Therefore, because Community Mgmt. is not a "debt collector" under the FDCPA, its actions need not conform to the FDCPA's standards.

Given that Gonon does not dispute that Community Mgmt. obtained his debt before it became delinquent, no genuine dispute of material fact exists and Community Mgmt. is entitled to judgment as a matter of law. Accordingly, we GRANT Defendant's Motion for Summary Judgment and DENY Plaintiff's Cross Motion for Summary Judgment.

## Conclusion

For the reasons set forth above, the Court finds as a matter of law that Community Management Services, Inc., is not a "debt collector" under 15 U.S.C. § 1692a(6)(F)(iii). Defendant's Motion for Summary Judgment [Docket No. 26] is **GRANTED** and Plaintiff's Cross Motion for Summary Judgment [Docket No. 29] is **DENIED.** Further, Plaintiff's Motion for Class Certification [Docket No. 4] is **DENIED** as moot. Plaintiff's Motion to Strike Defendant's Affirmative Defenses [Docket No. 11] is now **DENIED** as moot pursuant to the Court's Order granting Defendant's Motion for Leave to Amend its

6

Answer [Docket No. 24]. Judgment will enter in favor of Defendants, and this action is terminated.

IT IS SO ORDERED.

09/28/2015

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution: All ECF counsel of record

7